IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION


| | | |
|---|---|---|
| FREEPORT MCMORAN INC. | § | |
| *Plaintiff* | § | |
| | § | |
| V. | § | C.A. NO. _____ |
| | § | |
| M/V BBC VOLGA, her engines, tackle, | § | |
| apparel, etc. *in rem*, BBC CHARTERING | § | |
| CARRIERS  GmbH & CO.KG, | § | |
| BERTLING LOGISTICS (PERU) S.A.C., | § | |
| *in personam* | § | |
| *Defendants* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Freeport McMoRan Inc., and files, its Original Complaint against M/V BBC VOLGA, her engines, tackle, apparel, etc., *in rem*, BBC Chartering Carriers GmbH & Co. KG and Bertling Logistics (Peru) S.A.C., *in personam*, and would respectfully show unto this Court as follows:

## I.
## Jurisdiction and Venue

1.1    This action arises from damage and loss to maritime cargo, a maritime tort and/or breach of a maritime contract and is a maritime claim pursuant to Fed.R.Civ.P. Rule 9(h). Accordingly, the Court has original jurisdiction of these admiralty and maritime claims pursuant to 28 U.S.C. §1333(1).

1.2    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). Additionally, the relevant bill of lading contains a provision that designates venue in the Southern District of Texas.

## II.
## Parties and Service of Process

2.1    Plaintiff Freeport McMoRan is a Delaware corporation with its principal place of business in Phoenix, Arizona.

2.2    At all times material, the captioned vessel has been a general cargo ship employed in the common carriage of merchandise by water for hire.

2.3    Defendant BBC Chartering Carriers GmbH & Co. KG ("BBC") is a foreign business entity neither qualified nor registered to do business within the State of Texas, with its principal place of business in Leer, Germany. It has a United States affiliate, subsidiary or division, BBC Chartering USA LLC, which maintains its principal place of business at 6565 West Loop South, Suite 200, Bellaire, Texas, 77401, and whose registered agent is Galloway, Johnson, Tompkins, Burr & Smith, 1301 McKinney Street, Suite 1400, Houston, Texas 77010. At all times material, BBC chartered, managed, owned and/or operated the BBC VOLGA as a common carrier of goods by water for hire between various ports, including the Ports of Houston and Matarani, and was engaged in business as a common carrier, consolidating various cargos destined for carriage and discharge at the Port of Matarani, arranging for their ocean carriage, issuing to shippers bills of lading and/or other contracts of carriage for their carriage to the Port of Matarani, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code. On information and belief, BBC Chartering Carriers GmbH & Co. KG  is a non–resident as contemplated in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code and it is has not designated or maintained an agent upon whom service may be made in the State of Texas. Accordingly, pursuant to Sections 17.043, 17.044 and 17.045 of the Texas Civil Practice and Remedies Code, and Rule 4(h) of the Federal Rules of Civil Procedure, service of process will be accomplished by substitute service by transmitting a

copy of this Original Complaint by certified mail, return receipt requested, to Defendant's agent for service of process in Texas, the Texas Secretary of State, Citations Division, P.O. Box 12079, Austin, Texas 78711-2079, along with **(i)** a request that it waive service of the summons pursuant to Fed.R.Civ.P. Rule 4(d)(1)(A) through (G), **(ii)** accompanied by two (2) copies of the attached waiver form, **(iii)** a prepaid means for returning the waiver, and **(iv)** the attached notification of the consequences of waiving and of not waiving service as prescribed in Form 5 of the Federal Rules of Civil Procedure, stating the date of the requested waiver was sent, and that it has sixty (60) days to return the waiver. Process can then be made on BBC Chartering Carriers GmbH & Co. KG in accordance with the rules of the Hague Convention and/or on BBC Chartering USA LLC, 6565 West Loop South, Suite 200, Bellaire, Texas, 77401, through its registered agent, Galloway, Johnson, Tompkins, Burr & Smith, 1301 McKinney Street, Suite 1400, Houston, Texas 77010, along with proper notification of Defendant's duty to avoid the unnecessary cost of serving the summons in accordance with Rule 4(d)(2) of the Federal Rules of Civil Procedure.

2.4    Defendant Bertling Logistics (Peru) S.A.C. ("Bertling") is a foreign business entity neither qualified nor registered to do business within the State of Texas, with its principal place of business in Lima, Peru. It has a United States affiliate, subsidiary or division, Bertling Logistics, Inc., which maintains its principal place of business at 19054 Kenswick Drive, Humble, Texas 77338, and whose registered agent is John Hark, 15500 Vickery Drive, Houston, Texas 77032. On information and belief, Bertling is a non–resident as contemplated in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code and it is has not designated or maintained an agent upon whom service may be made in the State of Texas. Accordingly, pursuant to Sections 17.043, 17.044 and 17.045 of the Texas Civil Practice and

Remedies Code, and Rule 4(h) of the Federal Rules of Civil Procedure, service of process will be accomplished by substitute service by transmitting a copy of this Original Complaint by certified mail, return receipt requested, to Defendant's agent for service of process in Texas, the Texas Secretary of State, Citations Division, P.O. Box 12079, Austin, Texas 78711-2079, along with **(i)** a request that it waive service of the summons pursuant to Fed.R.Civ.P. Rule 4(d)(1)(A) through (G), **(ii)** accompanied by two (2) copies of the attached waiver form, **(iii)** a prepaid means for returning the waiver, and **(iv)** the attached notification of the consequences of waiving and of not waiving service as prescribed in Form 5 of the Federal Rules of Civil Procedure, stating the date of the requested waiver was sent, and that it has sixty (60) days to return the waiver. Process can then be made on Bertling Logistics (Peru) S.A.C. in accordance with the rules of the Hague Convention and/or on Bertling Logistics, Inc., 19054 Kenswick Drive, Humble, Texas 77338, through its registered agent John Hark, 15500 Vickery Drive, Houston, Texas 77032, along with proper notification of Defendant's duty to avoid the unnecessary cost of serving the summons in accordance with Rule 4(d)(2) of the Federal Rules of Civil Procedure.

### III.
### Basis for Complaint and Causes of Action

3.1    On or about April 6, 2014, a shipment of cargo was sent by SPX Flow Technology ("the Shipper") from Houston, Texas to Matarani, Peru to Sociedad Minera Cerro Verde S.A.A ("the Consignee"). Defendant BBC was the carrier and Defendant Bertling was the freight forwarder.

3.2    The Defendants, as common carriers agreed to safely receive, handle, load, stow, secure, carry, discharge and deliver the cargo in the same good order and condition as when received, in consideration of paid freight charges, and for the issuance of a Bill of Lading

consistent with the instructions of Plaintiff and, accordingly therewith, issued subsequently Bill of Lading No. HOUMAT1414-004 (attached hereto as **Exhibit "A"**).

3.3     Defendants BBC and/or Bertling owned and/or operated and/or managed the BBC VOLGA, and were responsible for the proper stowage and securing of the cargo and had a duty to provide proper care, custody and control over the cargo during the voyage when it was damaged.

3.4     On information and belief, the shipper tendered the cargo in good order and condition at the load port in Houston, Texas.

3.5     The cargo arrived in Matarani, Peru on board the BBC VOLGA on April 23, 2014.

3.6     On April 24, 2014, while in the possession of BBC and/or Bertling and/or their agents and/or representatives, one of the wooden crates containing cargo fell on top of another wooden crate containing cargo as they were being offloaded with a crane. As a consequence, some of the cargo was damaged, specifically an Agitator valued at approximately $300,000.00.

3.7     Following the incident, the Consignee was able to salvage some parts of the Agitator, but other parts had to be replaced and/or repaired. After salvage and replacement/repair, damage to the Agitator totaled $190,000.00.

3.8     Plaintiff Freeport-McMoRan Inc. ("FMCG") is the majority owner of the Consignee.

3.9     Plaintiff herein seeks recovery from Defendants for its damages.

3.10     In consideration of charges paid or agreed to be paid, Defendants expressly and/or impliedly promised to safely transport the cargo to Peru in the same good order and condition as

when received. However, the cargo was discharged at the Port of Matarani in a damaged condition.

3.11    The damages and Plaintiff's losses proximately resulted in whole or in part during the course of ocean carriage from the conduct of Defendants constituting negligence, breach of contract, breach of bailment, failure to perform services in a workmanlike manner and/or violation(s) of the duties of a common carrier of goods by water for hire and/or from the unseaworthiness of the BBC VOLGA.

3.12    Plaintiff cannot more specifically allege Defendants' respective act(s) and/or omission(s) constituting negligence. Plaintiff invokes and relies upon the doctrine of *res ipsa loquitur* because the character of the loss was such that it would not have happened in the absence of negligence, and the events causing the occurrence, including without limitation, the proper issuance of Bill of Lading No. HOUMAT1414-004 and the proper stowage of the cargo, was exclusively within Defendants' control.

3.13    Plaintiff has sustained damages exceeding $190,000.00, plus interest dating from April 24, 2014, demand for which has been made upon Defendants but which they refuse to pay.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Freeport McMoRan Inc., prays:

(i) That process in due form of law according to the practices of this Honorable Court in causes of admiralty and maritime jurisdiction issue against the M/V BBC VOLGA and her engines, tackle, apparel, etc.; all persons claiming an interest therein be required to appear and answer under oath, all and singular, the matters aforesaid; it have judgment for its damages, interest, and costs; the M/V BBC VOLGA be condemned and sold to satisfy the damages aforesaid; and,

(ii) That this Honorable Court adjudge that the M/V BBC VOLGA, *in rem*, and BBC Chartering Carriers GmbH & Co. KG and Bertling Logistics (Peru) S.A.C., *in personam*, are liable to Plaintiff, jointly and severally, for its damages, prejudgment interest, post-judgment interest, court costs, including its necessary and reasonable attorney's fees, and that Plaintiff have such other and further relief, both general and special, at law and equity, to which it may be justly entitled.

Respectfully submitted,

 /s/ Jeffrey R. Bale
Jeffrey R. Bale
State Bar No. 01629800
Federal I.D. No.
Kensington I, Suite 200
1600 Highway 6 South
Sugar Land, Texas 77478
Telephone:     (281) 295-6000
Facsimile:     (281) 295-6010
Email: jbale@balelawfirm.com
*Attorney for Plaintiff*
*Freeport McMoRan Inc.*

OF COUNSEL:

THE BALE LAW FIRM, PLLC

Blair H. Burnside
State Bar No. 24050357
Fed. I.D. No. 951481
Kensington I, Suite 200
1600 Highway 6 South
Sugar Land, Texas 77478
Telephone:     (281) 295-6000
Facsimile:     (281) 295-6010
Email: bburnside@balelawfirm.com